**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 16 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-1409 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-02316-MMA-1 |
| v. | |
| KENNETH DANIEL TIEDEMANN, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted July 7, 2026
Pasadena, California

Before: RAWLINSON, SANCHEZ, and TUNG, Circuit Judges.

Defendant Kenneth Daniel Tiedemann appeals the district court's revocation of his supervised release and imposition of his special conditions of supervision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err when it revoked Tiedemann's supervised release. We review de novo the application of the exclusionary rule. *United States*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*v. Jobe*, 933 F.3d 1074, 1077 (9th Cir. 2019).  Because the "exclusionary rule does not apply to supervised release revocation hearings," *United States v. Hebert*, 201 F.3d 1103, 1104 (9th Cir. 2000), we deny Tiedemann's assertion of error.[1]

"We review potential violations of the Fifth Amendment de novo." *United States v. Hulen*, 879 F.3d 1015, 1018 (9th Cir. 2018).  The district court did not violate Tiedemann's right against self-incrimination when it revoked his supervised release based on his failure to provide the password to his smartphone because that right "extends only to prohibit the use of an admission in a criminal case" and a "proceeding to revoke supervised release is not a criminal case for purposes of the Fifth Amendment right against self-incrimination." *Id.* at 1017.

2.  We affirm the district court's imposition of Tiedemann's special conditions of supervised release.  "A district court may order a special condition of supervised release that: (1) 'is reasonably related' to the crime, 'the history and characteristics of the defendant,' and the purposes of supervised release, including deterrence, protection of the public, and treatment of the offender, (2) 'involves no greater deprivation of liberty than is reasonably necessary'; and (3) 'is consistent with any pertinent policy statements issued by the Sentencing Commission.'"

---

[1] Nor did the district court err in finding that Tiedemann failed to submit to a search of his cell phone.  The probation officer's request for a password was functionally the same as a request to search his smartphone.

*United States v. Gnirke*, 775 F.3d 1155, 1161 (9th Cir. 2015) (citations omitted) (quoting 18 U.S.C. §§ 3553(a); 3583(d)).

We review for abuse of discretion the district court's imposition of special conditions of supervised release and afford "considerable deference" to the district court in that review. *United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009). We review de novo, however, "[w]hether a supervised release condition … violates the Constitution," *id*., and we review for plain error those conditions for which the defendant failed to object at sentencing, *United States v. Magdaleno*, 43 F.4th 1215, 1221 (9th Cir. 2022).

a. The district court did not abuse its discretion when it restricted Tiedemann's use of the internet in special condition three because the "use of the Internet was 'essential' or 'integral' to the offense of conviction." *United States v. Wells*, 29 F.4th 580, 591 (9th Cir. 2022) (citation omitted); *see also United States v. Rearden*, 349 F.3d 608 (9th Cir. 2003).

b. The district court did not impermissibly delegate judicial authority when it imposed special condition ten, which authorizes the use of polygraph examinations "following completion of the formal treatment program as directed by the probation officer in order to monitor adherence to the goals and objectives of treatment and as a part of the containment model." As the probation officer testified, a component of the containment model is the use of polygraph testing to

facilitate compliance with treatment goals. Because testing is "only [] incidental to the treatment program," *United States v. Maciel-Vasquez,* 458 F.3d 994, 996 (9th Cir. 2006), the district court did not err in imposing this condition. *See United States v. Stephens*, 424 F.3d 876, 881, 884 (9th Cir. 2005) (permitting the district court to confer authority to determine the quantity of "in-treatment" drug tests because, unlike "non-treatment" tests, in-treatment tests were not "penological in nature.").

c. The district court did not abuse its discretion when it imposed special conditions thirteen, fourteen, and fifteen, which restrict Tiedemann's uses of encryption, cloud-based storage, and software updates.[2] These conditions reasonably relate to Tiedemann's crime of conviction, which included the use of encryption software to hamper forensic review of his devices, as well as the recent discovery of child erotica on a cloud-based website.

d. Tiedemann challenges special condition three, which allows probation "to monitor all computer use and cellular data" and potentially sweeps more broadly than is reasonably necessary because it allows probation to monitor Tiedemann's non-internet-related activities.[3] We accept the Government's

---

[2] We read these conditions to include a mens rea requirement, *see United States v. King,* 608 F.3d 1122, 1128 (9th Cir. 2010), as the district court assumed and the government accepts.

[3] Tiedemann acknowledges that plain error review applies because he raises this objection for the first time on appeal.

proposal to construe special condition three to allow monitoring of only Tiedemann's internet-related activities. *See United States v. Quinzon*, 643 F.3d 1266, 1273 (9th Cir. 2011) (construing a similar special condition to exclude monitoring of offline activities). *See also United States v. Sales*, 476 F.3d 732, 737–38 (9th Cir. 2007) (vacating a condition that provided "no indication as to what kinds or degrees of monitoring are authorized"). Accepting this construction, remand is unnecessary given that the condition is susceptible to this limiting interpretation. *Quinzon*, 643 F.3d at 1273.

e. The district court did not abuse its discretion when it restricted Tiedemann's access to "actually explicit conduct involving adults as defined by 18 U.S.C. § 2257(h)(1)" in special condition nine. This restriction reasonably relates to Tiedemann's offense, which involved his possession of child pornography, and does not create a greater deprivation of liberty than is reasonably necessary in this case because it restricts Tiedemann's access to only actual—not simulated— explicit adult content. *See Gnirke*, 775 F.3d at 1162.

**AFFIRMED.**